F. A. DOUTY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7477. Promulgated Nov. 28, 1927.

*John A. Collier, Esq.,* for the petitioner.
*George G. Witter, Esq.,* for the respondent.

400

OPINION.

ARUNDELL: The petitioner alleges that the purchase of the Box Company stock and the Export Company stock from the Cooks and Dooley was not a personal transaction, but was for and in behalf of the Box Company. The contract for the purchase of the stock, which we have set out at some length, does not sustain the petitioner's claim. It clearly sets forth the fact that the petitioner is the purchaser. He signed the contract as principal, and not as agent for

the Box Company; he was the maker and principal obligor of the notes given for the balance of the purchase price and the Box Company was merely a guarantor and hence only secondarily liable. In asking us to find that the Box Company was the purchaser of the stock, the petitioner is asking that we read into the agreement something that will vary its terms which plainly name the petitioner as purchaser.

We do not have in evidence the method of computing gain which respondent used in determining the deficiency involved. His counsel stated at the hearing that the amount of the gain was arrived at by deducting from $317,087.88, the amount of petitioner's indebtedness which was canceled, the cost of the stock turned in, $192,551.49, resulting in a gain of $124,536.39. The evidence is insufficient to permit of a check of the figures used by the respondent. Among the elements missing are the cost to petitioner of his original holdings of stock in the two companies and the cost of the Export Company stock subsequently acquired. Copies of both petitioner's personal and special accounts carried on the Box Company ledger were introduced in evidence, but both accounts contain many items that are unexplained, so that we are unable to find from them whether or not the Commissioner erred in his determination of the amount of indebtedness canceled. If, as a matter of law, a taxable gain might result from a transaction such as is here involved, we must, in view of the state of the record, assume that whatever the Commissioner's computation was, it was correct.

The transaction, in brief, was that petitioner purchased outstanding stock of the Export Company and the Box Company, paying therefor with funds advanced by the latter. After the stock was thus paid for, the Box Company issued a stock dividend to petitioner, who thereupon turned in to the Box Company his stock in the Export Company and surrendered to the Box Company a part of his stock in it, which company then canceled his indebtedness to it.

The effect of the transaction was, as we see it, the same as if the Box Company had paid petitioner $317,087.88 for stock which cost him $192,551.49. The fact that a part of the $317,087.88 was advanced to petitioner to pay for the stock makes it none the less a part of the price received on its sale to the Box Company. In short, he received more than he paid for the stock and the amount of such excess constitutes income.

*Judgment will be entered for the respondent.*

Considered by STERNHAGEN and GREEN.